LOCAL FORM FOR A CHAPTER 13 PLAN UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 3015.1 AND ADMINISTRATIVE ORDER NO. 17-04

United States Bankruptcy Court
For the Eastern District of Michigan

In re                                                   Case Number       19-
                                                        Chapter 13
Amy S Glazier                                           Hon.   Daniel Opperman
SS#: xxx-xx-6406

| **Plan Summary** | | |
|---|---|---|
| *for informational purposes only* | | |
| ACP (applicable commitment period) | 36 | months |
| minimum plan length | 36 | months |
| plan payment | $1,153 | per month |
| min dividend to class 9 creditors | #REF! | |
| percentage of tax refunds committed | 100% | (see IIC) |

         Debtor
and
    n/a
         SS#: xxx-xx-****

         Joint-Debtor

## CHAPTER 13 PLAN

[x]   Original          OR    Pre-Confirmation Modification #    n/a

NOTICES

Creditors: YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED. READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.

Debtor must check one box on each line to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| A. | Nonstandard provisions set out in section IV. Under Federal Rule of Bankruptcy Procedure 3015c, a non'standard provision' means a provision that is not otherwise included in the approved form for a chapter 13 plan in the | ☒ Included | ☐ Not Included |
| B. | A limit on the amount of a secured claim based on a valuation of the collateral for the claim. | ☒ Included | ☐ Not Included |
| C. | Avoidance of a security interest or lien | ☐ Included | ☒ Not Included |
| * | If an item is check as "not included" or if both boxes are checked, the provision is void evan if otherwise included in the plan. | | |
| * | Any "nonstandard provision" that is not specifically identified in section IV is void. | | |
| * | If the section indicates that this plan does not include any "nonstandard provisions", any nonstandard provisions in this plan including any otherwise specifically listed in section IV are void. | | |

This plan is subject to and incorporates by reference the additional terms, conditions and provisions which may be found at www.13edm.com or www.mieb.uscourts.gov or from debtor's cousel upon written request.

II.   Applicable Commitment Period; Plan Payments; Plan Length; Effective Date and Eligibility for Discharge

   A.   ☐ Debtor's current monthly income exceeds the applicable state median income. Debtor's applicable commitmnt period is 60 months. Debtor's plan length shall be 60 months from the date of entry of the order confirming plan.

   ☒ Debtor's current monthly income is less than or equal to the applicable state median income. Debtor's commitment period is 36 months. Debtor's plan length shall be 60 months from the date of entry of the order confirming plan. This is a minimum plan length. If the plan has not been completed in the minimum plan length, the plan length shall be extended as necessary for completion of the requirements of the plan; provided that in no event will the term continue beyond 60 months from the date of entry of the order confirming plan. *See Paragraph J of the additional terms, Conditions and Provisions for additional information regarding Completion of Plan.*

   If neither or both of the above boxes is checked, then the applicable commitment period and the plan length shall be 60 months from the date of entry of the order confirming plan.

   B.   **Debtor's plan payment amount is     $1,152.52   per month.**
        **Ther shall be step payment increases of $51.57 on January 1, 2023 and another $20.75 on April 1, 2023**

LOCAL FORM 10-24-17 V1              Page 1                          chapter 13 plan
19-22099-dob   Doc 5   Filed 10/29/19   Entered 10/29/19 16:26:54   Page 1 of 6

**when 401K loans repaid.**

C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

> **For cases assigned to Bay City Division**: *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
>
> 1 ☐ Debtor's plan proposes a 100% dividend to unsecured creditors. Therefore, debtor is not reqired to remit any future tax refunds.
>
> 2 ☐ Debtor's plan proposes less than a 100% dividend to unsecured creditors and debtor's schedule I does not include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all federal and state tax refunds that debtor or is entitled to receive after commencement of the case.
>
> 3 ☒ Debtor's plan proposes less than a 100% dividend to unsecured creditors and debtor's schedule I includes a proration for anticipated federal tax refunds. Debtor will remit 100% of all federal and state tax refunds that debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the federal and state tax refund proration shown in schedule I.

D ☐ If the box to the immediate left is "checked", the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

☐ if the box to the immediate left is "checked", the debtor acknowledges that joint-debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E ☐ If the box to the immediate left is "checked", the debtor or joint debtor is self-employed **and** incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, U.S.C. and all applicable Local Bankruptcy Rules regarding operatin of the business and duties imposed upon the debtor.

III. **Designation and Treatment of Claims.** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

A, **Class One - Trustee Fees** as determined by statute.

B **Class Two - Administrative Claims, Including Attorneys Fees and Costs.**

1 **Pre-confirmation attorney fees:** at confirmation of the plan, counsel shall elect to either:

   a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $2,625.00 for services rendered plus $0 for costs advanced by counsel, for total attorney fees & costs of $2,625.00 through the effective date of the plan. The total attorney fees and costs less the sum of $0.00 paid to counsel prior to the commencementof this case as reflected in the rule 2016(b) statement leaving a net balance due of $2,625.00 will be paid as an administrative expense claim.

   b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate application for compensation for services rendered up through the date of entry of the order confirming plan pursuant to 11 USC §327 and §330. If counsel elects to file a fee application pursuant to this sub-paragraph, trustee shall escrow $2,625.00 for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

2 **Post-Cofirmation Attorney Fees.** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

3 Retention of Other Professionals for **Post-Petition Srvcs:** Debtor ☐ has retained or ☐ intends to retain the services of _____ as _____ to perform professional services post-petition with fees and expenses of the professional to be paid as an administrative expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information*

4 Other administrative expense claims: any administrative expense claims approved by order of court pursuant to 11 U.S.C. §503 shall be paid as a class two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

C. **Class Three – Secured Claims to be Stripped From Collateral and Treated as Unsecured Claims to be Paid by Trustee.** *See paragraph G and paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

Class 3.1 Liens to be stripped 11 USC §506(a)

| Creditor | Collateral |
|---|---|
|  |  |

Class 3.2 Judicial liens and non-possessory, non-purchase money liens to be avoided. 11 USC §522(f).

| Creditor | Collateral |
|---|---|
|  |  |

D. **Class Four - Secured Claims on Which the Last Contractual Payment is Due Beyond the Length of the Plan. 11 U.S.C. §1322(b)(5).**

Class 4.1 **Continuing Payments that Come Due on and After Date of the Order for Relief** *see Paragrpah p, Paragraph L and Paragraph EE of Additional Terms, Conditions and Provisions for additional information.*

| Creditor | Collateral | monthly payment | direct, via trustee or surrendered |
|---|---|---|---|
|  |  |  |  |

Class 4.2 **Pre-Petition Arrearages to be Paid by Trustee:** those amounts which were due as of the filing of the order for relief.

| Creditor | Collateral | arrears amount | estimated average monthly payment | months to cure from confirmation date |
|---|---|---|---|---|
| Rushmore | 2824 E Ashmun St Midland | $4,650.00 | $77.50 | 60 |

Class 4.3 Continuing payments other than on a claim secured by the debtor's principal residence that come due on or after date of order for relief. See paragraph P, L and EE of additional terms, condition and provisions.

| Creditor | Collateral | monthly payment | direct, via trustee or surrendered |
|---|---|---|---|
| Rushmore/ | 2824 E Ashmun St Midland | $464.99 | via trustee |

Class 4.4 Pre-petition arrearages other than on a claim secured by the debtor's personal residence to be paid by trustee. Those amounts which werer due as of the filing of the order for relief.

| Creditor | Collateral | arrears amount | estimated average monthly payment | months to cure from confirmation date |
|---|---|---|---|---|
|  |  |  |  |  |

E. **Class Five - Secured Claims on Which the Last Payment Will Become Due Within the Plan Duration.** U.S.C. §1322(c)(2). *See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information.*

Class 5.1 Secured claim not excluded from 11 USC 506 to be paid in equal monthly payments 11 USC 1325(a)(5)(B)

| Creditor/Collateral | indicate if modified or crammed | interest rate (PVR) | total to be paid including interest | monthly payment | direct or via trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Class 5.2 Secured claims not excluded from 11 USC 506 not to be paid in equal monthly payments. 11 USC 1325 (a)(5)(B)

| Creditor/Collateral | indicate if crammed modified | interest rate | total to be pd incl interest | estimated average monthly payment | direct or via trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Class 5.3 Secued claims excluded from 11 USC 506 by the hanging paragraph at the end of 11 USC 1325(a)(9) to be paid in equal monthly payments 11 USC 1325(a)(5)(B)

| Creditor/Collateral | indicate if modified | interest rate (PVVR) | total to be pd incl interest | monthly payment | direct or via trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Class 5.4 Secured claims excluded from 11 USC 506 by the "hanging paragraph" at the end of 11 USC 1325(a)(9) not to be paid

equal monthly payments 11 USC 1325(a)(5)(B).

| Creditor/Collateral | indicate if modified | interest rate (PVR) | total to be pd incl interest | estimated average monthly payment | direct or via trustee |
|---|---|---|---|---|---|
| Regional Finance/Murano | modified | 4.00% | $26,464.84 | $441.08 | via trustee |

Class 5.5  Surrender of collateral. See paragraph P of the additional terms, conditions and provision for additional information

The debtor surrenders debtor's interest in the following collateral. Any allowed unsecured claim remaining after disposition of the collateral will be treated as a class 9 general unsecured creditor.

| Creditor | Collateral |
|---|---|
| | |

F **Class Six - Executory Contracts and/or Unexpired Leases** 11 U.S.C. §§365, 1322(b)(7) - Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *See Paragraph K of the Additional Terms, Conditions and Provisions for additional information.*

Class 6.1  **Continuing Lease/Contract Payments:**

| Creditor | Property | monthly payment | lease/contract expiration | direct of via trustee |
|---|---|---|---|---|
| | | | | |

Class 6.2  **Pre-Petition Arrearages on Assumed Executory Contracts and Leases** (to be paid by Trustee):

| Creditor | Property | arrears amount | estimated average monthly payment | months to cure from confirmation date |
|---|---|---|---|---|
| | | | | |

Class 6.3  Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. *See Paragraph K of the Additional Terms, Conditions and Provisions for additional information*

| creditor | property |
|---|---|
| | |

G **Class Seven - Priority Unsecured Claims.** 11 USC 507, 1322(a)(2)

Class 7.1  **Domestic Support Obligations:** continuing payments that come due on & after the date of the order for relief.

| creditor | monthly payment | direct or via trustee |
|---|---|---|
| | | |

Class 7.2  **Domestic support obligations:** Pre-petition arrearages due as of the filing of the order for relief

| creditor | arrears amount | estimated average monthly payment | direct or via trustee |
|---|---|---|---|
| | | | |

Class 7.3  **All Other Priority Unsecured Claims** [11 U.S.C. §1322(a)(2)]

| creditor | amount | direct or via trustee |
|---|---|---|
| | | |

H **Class Eight- Separately Classified Unsecured Claims** 11 USC 1322(b)(1) to be paid by trustee): *[paragraph N]*

| creditor | amount | interest rate | reason for special treatment |
|---|---|---|---|
| | | | |

I **Class Nine - General Unsecured Claims** (to be paid by trustee): *See Paragraph M of the Additional Terms, Conditions and Provisions for additional information.*

☐ This plan shall provide a total sum for distribution to creditors holding class 9 general unsecured claims in an amount that is not less than the amount available in chapter 7 shown on attachment 1, liquidation analysis and statement of value of encumbered property (the "unsecured base amount"). This plan shall provide either (i) the unsecured base amount; or (ii) will continue for the full plan length as indicated in paragraph II.A of this plan, which ever

yields the greater payment to class 9 unsecured creditors. *See attachment 2, chapter 13 model worksheet, line 8, for additional information concerning funds estimated to be available for payment to class 9 unsecured creditors.*

☒ This plan shall provide a dividend to holders of class 9 general unsecured claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the unsecured base amount.

☐ If the box to the immediate left is "checked", creditors holding claims in class seven, eight and nine shall receive interest on their allowed claims at the rate of ___% per annum as required by 11 U.S.C. §1325(a)(4).

IV. Nonstandard Plan Provisions

    A   *Boxes regarding taxes for Detroit and Flint courts deleted.*

I, Mark Van Epps, attorney for debtor certify that this plan contains no "nonstandard provisions" other than those set out in section IV, above.

/s/ Mark Van Epps p33068             /s/ Amy S Glazier     Debtor
attorney for debtor
318 N Water St, Owosso MI 48867         /s/ n/a     Joint-Debtor
(989) 723-6777
mvanepps@vaneppslaw.com             dated: October 29, 2019

**Attachment 1**
**Liquidation Analysis and Statement of Value of Encumbered Property**

| Type of Property | fair market value | liens | debtor share of equity | exempt amount | non-exempt amount |
|---|---|---|---|---|---|
| Personal Residence | $90,000.00 | $74,000.00 | $8,000.00 | $8,000.00 | $0.00 |
| Other Real Estate | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| HHG/Personal Effect | $3,500.00 | $0.00 | $3,500.00 | $3,500.00 | $0.00 |
| Jewelry | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Cash/Bank Accounts | $57.00 | $0.00 | $57.00 | $57.00 | $0.00 |
| Vehicles | $17,000.00 | $17,000.00 | $0.00 | $0.00 | $0.00 |
| Other (itemize) retirement | $41,000.00 | $0.00 | $41,000.00 | $41,000.00 | $0.00 |
| Other (itemize) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Other (itemize) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $0.00 | $0.00 | $52,557.00 | $52,557.00 | $0.00 |

| | |
|---|---|
| gross available assets upon liquidation (total above, last column) | $0.00 |
| less administrative expneses and costs in projected ch 7 (see below) | #REF! |
| less priority claims (see worksheet) | $0.00 |
| net available assets | #REF! |

**Attachment 2**
Chapter 13 Model Worksheet - Local Bankruptcy Rule 3-15-1(B)(2) E.D.M.

| | | | | | |
|---|---|---|---|---|---|
| 1 | proposed length of plan is __60__ months. | | | | $3.51 |
| 2 | initial plan payment | | | | |
| | $1,150.00 per month x | 60 pay periods per plan = | | $69,000.00 | total per Plan. |
| | step payment #1 | | | | |
| | $51.57 per month x | 24 pay periods per plan = | | $1,237.68 | total per Plan. |
| | step payment #2 | | | | |
| | $20.75 per month x | 21 pay periods per plan = | | $435.75 | total per Plan. |
| 3 | additional payments | | | | |
| | $0.00 per | 60 | | $0.00 | total per Plan. |
| 4 | lump sum payments (pre confirmation overage) | | | $0.00 | |
| 5 | total to be paid into the plan (total of lines 2 through 4) | | | | $70,673.43 |
| 6 | estimated disbursements other than to class 9 general unsecured creditors | | | | |
| | a | estimated trustee's fees | | $7,067.34 | |
| | b | estimated attorney fees and costs through confirmation of plan | | $2,625.00 | |
| | c | estimated attorney fees and costs post confirmation through duration of plan | | $1,125.00 | |
| | d | estimated fees of other professionals | | $0.00 | |
| | e | total mortgage and other continuing secured debt payments | | $27,899.40 | |
| | f | total non-continuing secured debt payments (including interest) | | $26,464.84 | |
| | g | total priority claims | | $0.00 | |
| | h | total arrearage claim | | $4,650.00 | |
| 7 | total disbursements other than to class 9 general unsecured creditors (total lines 6a to 6h) | | | | $69,831.58 |
| 8 | funds estimated to be available for class 9 general unssecured creditors (line 5 minus line 7) | | | | $841.85 |
| 9 | estimated dividend to class 9 unsecured creditors in chapter 7 (see liq. analysis above) | | | | #REF! |

COMMENTS:

| | | |
|---|---|---|
| 10 | Total unsecured claims including stripped and split claims (if all file) | $23,093.00 |
| 11 | estimated ch 13 percentage | 4% |
| 12 | 910 day calculator    date case filed: 10/29/2019    minus 910 days: 5/2/2017 | |

| Calculation Table | Claim | Interest Rate | Interest | Total | Mnthly Pmt |
|---|---|---|---|---|---|
| priority claims | $0.00 | 0.00% | $0.00 | $0.00 | n/a |
| Rushmore/2824 E Ashman St | $4,650.00 | 0.00% | $0.00 | $4,650.00 | $464.99 |
| mortgage 2 | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 |
| Regional Finance/Murano | $24,680.00 | 4.00% | $1,784.84 | $26,464.84 | n/a |
| not used | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 |
| secured | $0.00 | 0.00% | $0.00 | $0.00 | n/a |
| other | $0.00 | 0.00% | $0.00 | $0.00 | n/a |